DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                                              )
**HUMPHRIES FITZ and**                        )
**PIUS JAY HUBERT,**                              )
                                                              )
        **Plaintiffs,**                           )
                                                              )
        v.                                              )   Civil Action No. 2008-060
                                                              )
**ISLANDS MECHANICAL**                     )
**CONTRACTOR, INC.,**                          )
                                                              )
        **Defendant.**                           )
_____)
                                                              )
**CONRAD PREVOST, JR.**                      )
                                                              )
        **Plaintiff,**                              )
                                                              )
        v.                                              )   Civil Action No. 2008-110
                                                              )
**ISLANDS MECHANICAL**                     )
**CONTRACTOR, INC.,**                          )
                                                              )
       **Defendant.**                            )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Andrew C. Simpson, Esq.,**
**Rachelle M. Shocklee, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on Defendant's "Unopposed Motion to Consolidate" filed on February 20, 2013.  (1:08-cv-110, Dkt. No. 81).  In its Motion, Defendant

seeks to consolidate *Fitz v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-060) with *Prevost v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-110) for purposes of the upcoming trials concerning the arbitrability of the underlying claims in each case.[1]

Defendant Islands Mechanical Contractor, Inc. ("IMC") moves to consolidate these two actions on the grounds that: (1) the matters involve a common question of law—namely, the arbitrability of each case must be decided before either case can proceed on the merits; (2) the arbitration agreement and its terms are the same for both cases; (3) consolidation will not cause a delay in either case; (4) consolidation will free up a week of the Court's trial docket; (5) consolidation will not lead to confusion or prejudice in trial; and (6) virtually all of the fact witnesses are the same for both cases. (1:08-cv-110, Dkt. No. 81 at 2–3). In its Motion, Defendant stipulates to a "Certificate of Conference," averring that Defendant's counsel "has discussed this matter with Plaintiffs' counsel and she is not opposed to this motion." *Id.* at 3. The same counsel represents the Plaintiffs in both cases.

The applicable Rule of Civil Procedure governing consolidation is Rule 42(a), which states, in relevant part, that: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Rule 42(a) provides for consolidation when actions pending in the same court "involve a common question of law or fact." *Richardson v. Virgin Islands Hous. Auth.*, 18 V.I. 351, 357

---

[1] In *Fitz*, the Court previously ordered that "[t]he case shall proceed to a trial on the issue of whether Defendant fraudulently induced Plaintiffs into signing the arbitration agreement." (1:08-cv-060, Dkt. No. 9 at 22; 2010 WL 2384585 at *11). In *Prevost*, the Court ordered a trial "on the issue of whether or not Plaintiff Prevost entered into an arbitration agreement with Defendant IMC." (1:08-cv-110; Dkt. No. 16 at 1).

(D.V.I. 1981).  Consolidation is "permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another."  *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933).  District courts have broad discretion in deciding motions to consolidate.  *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005) (citing *Farahmand v. Rumsfeld*, Civ. No. 02-1236, 2002 WL 31630709 at *2, 2002 U.S. Dist. LEXIS 22473 at *1 (E.D. Pa. Nov. 20, 2002)); *see also* 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2383 (3d ed.).

"A motion to consolidate may be denied if the common issue is not a princip[al] one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case."  *Farahmand*, 2002 WL 31630709 at *2.  If the evidence in one case is not relevant to the issues in the other, consolidation would confuse the issues and thus create a likelihood of prejudice.  *Id.*

Here, the common issue is the principal one in the upcoming trials:  whether the Plaintiffs are bound to arbitrate their underlying discrimination claims.  *See id.*  The form arbitration agreements at issue are the same, and the alleged factual context is similar—although not identical—in each case.  Further, in its Unopposed Motion to Consolidate, Defendant states that "[v]irtually all of the fact witnesses are the same for both cases."  (1:08-cv-110, Dkt. No. 81 at 3).[2]

In view of the foregoing, the Court finds that consolidation of these cases for purposes of the trials on arbitrability would promote convenience and efficiency by avoiding duplication of time, effort, and resources, and would not cause delay.  At the same time, equity and justice

---

[2] In accordance with the parties' proposed joint discovery plan, discovery in the two cases was consolidated.  (1:08-cv-110, Dkt. No. 18 at 1–2).  Thus, the parties jointly proposed consolidation for purposes of discovery, and now agree that consolidation for purposes of the trials on arbitrability is appropriate.

would be advanced by sparing the parties the burden of litigating similar claims in two separate trials.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's "Unopposed Motion to Consolidate" filed on February 20, 2013 (1:08-cv-110, Dkt. No. 81) is **GRANTED**; and it is further

**ORDERED** that the matters *Fitz v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-060) and *Prevost v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-110) are **CONSOLIDATED** for purposes of the upcoming trials on the issue of the arbitrability of Plaintiffs' underlying claims; and it is further

**ORDERED** that the caption for the consolidated cases shall appear as hereinabove; and it is further

**ORDERED** that the trial on the issue of arbitrability in the consolidated matters shall begin on **April 2, 2013 at 9:30 a.m.** before the undersigned District Judge; and it is further

**ORDERED** that in preparation for the consolidated trial on arbitrability, the parties shall file pretrial submissions for the consolidated cases and adhere to the following schedule:

1. The deadline for filing motions *in limine* has expired.

2. A pretrial conference will be held before the Magistrate Judge of this Court on **March 4, 2013 at 2:00 p.m.**

3. Plaintiff shall complete and deliver to counsel for Defendants its portion of the Joint Final Pretrial Statement in accordance with LRCi 16.1, App. 1, no later than **March 6, 2013**. Defendant shall complete and deliver to counsel for Plaintiff its portion of the Joint Final Pretrial Statement in accordance with LRCi 16.1, App. 1, no later than **March 8, 2013**. The Joint Final Pretrial Statement shall be filed with the Court no later than **March 12, 2013**.

4. The parties shall have up to and including **March 15, 2013** to file exhibit and witness lists. The witness lists shall include a brief summary of the testimony expected from each witness.

5. The parties shall have up to and including **March 15, 2013** to file a trial brief or memorandum with arguments and citation to authority in support of the party's position on all disputed issues of law.

6. The parties shall have up to and including **March 19, 2013** to file a joint proposed neutral statement of the facts for *voir dire* purposes and a joint list of proposed *voir dire* questions. The joint proposed neutral statement of facts should be a concise statement of the claim(s) and the defense(s). The joint list of proposed *voir dire* questions should not number more than fifteen. To the extent the parties are unable to agree upon a particular *voir dire* question, the parties shall submit an addendum to the joint list indicating the contested question(s) and the nature of the disagreement.

7. The parties shall have up to and including **March 19, 2013** to file proposed jury instructions. Jury instructions need only be submitted with respect to substantive issues in the case. Proposed instructions on procedural matters such as the burden of proof, unanimity and credibility are not necessary. Each proposed instruction should be on a separate page, double spaced and should include citation to specific authority. Counsel will have the opportunity to file supplemental instructions during trial as necessary.

8. A pretrial conference will be held before the undersigned District Judge on **March 26, 2013 at 3:00 p.m.**

9. The trial of this consolidated matter is scheduled to begin on **April 2, 2013 at 9:30 a.m.**

It is further **ORDERED** that the individual trials on arbitrability and corresponding pretrial conferences and pretrial deadlines in *Fitz v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-060) and *Prevost v. Islands Mechanical Contractor, Inc.* (Case No. 1:08-cv-110) are **CANCELLED**.

**SO ORDERED**.

Date:  March 1, 2013   _____/s/_____
                       WILMA A. LEWIS
                       District Judge