DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                            )
**HUMPHRIES FITZ and**                      )
**PIUS JAY HUBERT,**                        )
                                            )
       **Plaintiffs,**                     )
                                            )
       v.                                  )    Civil Action No. 2008-060
                                            )
**ISLANDS MECHANICAL**                      )
**CONTRACTOR, INC.,**                       )
                                            )
       **Defendant.**                      )
_____)
                                            )
**CONRAD PREVOST, JR.**                     )
                                            )
       **Plaintiff,**                      )
                                            )
       v.                                  )    Civil Action No. 2008-110
                                            )
**ISLANDS MECHANICAL**                      )
**CONTRACTOR, INC.,**                       )
                                            )
       **Defendant.**                      )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Andrew C. Simpson, Esq.,**
**Rachelle M. Shocklee, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's "Motion to Reconsider Order Dated June 9, 2010 (Doc. No. 9) Based Upon Plaintiffs' Changed Theory of the Case," which

was filed on March 12, 2013 in *Fitz v. Islands Mechanical Contractor, Inc.*, Civ. No. 08-cv-060. (08-cv-060, Dkt. No. 87).  Although *Fitz* was consolidated with *Prevost v. Islands Mechanical Contractor, Inc.*, Civ. No. 08-cv-110, for purposes of the upcoming trial on the issue of the arbitrability of Plaintiffs' underlying claims (08-cv-060, Dkt. No. 81; 08-cv-110, Dkt. No. 84), Defendant's instant Motion applies only to the *Fitz* case, which involves Plaintiffs Humphries Fitz ("Fitz") and Pius Jay Hubert ("Hubert").

Defendant requests that the Court reconsider its June 9, 2010 Memorandum Opinion and Order in *Fitz* (08-cv-060, Dkt. No. 9), in which the Court denied Defendant's "Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration" (08-cv-060, Dkt. No. 3) and ordered that the case proceed to trial on the issue of whether Defendant fraudulently induced Fitz and Hubert into signing arbitration agreements.  (08-cv-060, Dkt. No. 9 at 22).  Defendant now asserts that, with the filing of the Joint Final Pretrial Order in the consolidated case (08-cv-060, Dkt. No. 86-1; 08-cv-110, Dkt. No. 89-1), Plaintiffs Fitz and Hubert have abandoned their theory of fraud in the inducement of the arbitration clauses, which they had previously presented to the Court.  (08-cv-060, Dkt. No. 87 at 1).  Rather, Defendant argues that Plaintiffs are presenting a new theory—namely, that there was fraud in the inducement of the entire employment contract, and not the arbitration clause.  (*Id.* at 1–2).  On that basis, Defendant argues that the entire matter must be referred to arbitration under Supreme Court authority and the Third Circuit's opinion in *SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267 (3d Cir. 2013).[1]  For the following reasons, the Court disagrees and will deny the Motion for Reconsideration.

---

[1] Principal cases relied upon by the Third Circuit in *Bayside Resort* include *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847 (2010);  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967); and *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 100–01 (3d Cir. 2000).

**DISCUSSION**

A motion for reconsideration must be based on at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Samuel v. Virgin Islands Joint Bd. of Elections*, Civ. No. 2012–0094, 2013 WL 398666 at *1 (D.V.I. Feb. 1, 2013) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). Although Defendant does not explicitly state on which of these three grounds its Motion for Reconsideration rests, Defendant claims that Plaintiffs Fitz and Hubert have recently abandoned their earlier theory of the case and have adopted a new theory which falls outside of the Court's authority to adjudicate. Thus, it appears that Defendant would liken this situation to one involving new evidence not previously available.[2]

In this regard, Defendant argues that "the entire [Joint Final Pretrial Order] is premised upon proving that there was fraud in the inducement of the entire contract" and that "Plaintiffs no longer assert a claim of fraud in the inducement to sign the arbitration clause." (08-cv-060, Dkt. No. 87 at 6–7). However, contrary to Defendant's contention, the Joint Final Pretrial Order is rife with indications that the issue of fraudulent inducement in the signing of the arbitration clause is central to Plaintiffs' case.

---

[2] While Defendant points the Court to the Third Circuit's recent opinion in *Bayside Resort*, 707 F.3d 267, the Third Circuit's *Bayside Resort* decision— as relevant to the particular arbitrability issue presently before this Court—depends on existing precedent and does not establish a new rule or standard that would compel reconsideration of the Court's June 9, 2010 Memorandum Opinion and Order. *See id.* at 271–75. Thus, there has been no intervening change in controlling law. Moreover, in its earlier Opinion, the Court correctly concluded that a claim of fraud in the inducement of an arbitration clause is within the scope of the Court's authority to adjudicate. Thus, Defendant has identified no clear error of law or fact, or any manifest injustice that needs to be addressed.

The first item in the Joint Final Pretrial Order, titled "Nature of Action and Jurisdiction of the Court," begins with the following statement: "This is a trial on the issue as to whether there is a binding *arbitration agreement* in this matter." (08-cv-060, Dkt. No. 86-1 at 2; 08-cv-110, Dkt. No. 89-1 at 2) (emphasis added). Consistent with this description, the question whether there was fraudulent inducement *with respect to the arbitration agreement* was included by both Plaintiffs *and Defendant* in their respective "Statement[s] of Legal Issues Presented." (*Id.* at 15–16).[3] Further, in the section of the Joint Final Pretrial Order titled "Factual Contentions of Plaintiffs," Plaintiffs allege that "Defendant[] *sought to force* the predominantly black West-Indian employees to *sign agreements that they could not take [Defendant] to a jury*." (*Id.* at 3). Plaintiffs also allege that there was "a threat of retribution" if Plaintiffs did not sign the arbitration agreements, and that "[t]he representations why Plaintiffs should sign by Defendant to the contrary were fraudulent." (*Id.* at 3–4).

According to Plaintiffs, the arbitration agreements were structured such that employees would be paid $23.00 an hour unless they agreed to arbitrate their disputes, in which case they would be paid $25.00 an hour. (*Id.*). However, Plaintiffs allege that one of Defendant's employees "made it clear that even if he was forced to start them at $25.000 an hour, there was no way he would allow them to continue at that pay and he intended to dock their pay down as soon as he could." (*Id.* at 4). Indeed, Plaintiffs allege that "virtually as soon as Fitz signed the agreement, Defendant attempted to lower his pay to $18.00 an hour and within two weeks of his

---

[3] In the section of the Joint Final Pretrial Order titled "Plaintiffs' Statement of Legal Issues Presented," Plaintiffs list these questions as the first two issues: (a) "Was the Arbitration Agreement acquired through fraud in the inducement?"; and (b) "Was the Arbitration Agreement acquired as a result of misrepresentation?" (08-cv-060, Dkt. No. 86-1 at 15; 08-cv-110, Dkt. No. 89-1 at 15). In the section titled "Defendant's Statement of Legal Issues Presented," Defendant lists these statements as the first two issues: (a) "Whether Fitz was fraudulently induced into signing the arbitration agreement," and (b) "Whether Hubert was fraudulently induced into signing the arbitration agreement." (*Id.* at 16).

employment he was demoted and his pay decreased." (*Id.* at 5). Similarly, Plaintiffs allege that Hubert was also demoted and his pay cut to $16.00 per hour. (*Id.* at 7). As addressed in the Court's June 9, 2010 Memorandum Opinion and Order, allegations of this type are consistent with Plaintiffs' claims that they were fraudulently induced to agree to arbitrate their disputes. (*See* 08-cv-060, Dkt. No. 9 at 19) ("The temporal proximity between Plaintiffs' hire date and their pay cuts—less than two weeks in the case of Fitz—is circumstantial evidence of Defendant's fraudulent intent."). In sum, despite Defendant's arguments to the contrary, the conclusion is inescapable that the Joint Final Pretrial Order contains allegations and argument that Plaintiffs Fitz and Hubert were fraudulently induced into signing the arbitration agreements.

Regardless of whether Plaintiffs also intend to challenge the entire employment contracts,[4] the parties' submissions make clear that Plaintiffs are mounting a challenge to the arbitration provisions based on an allegation of fraud in the inducement. Defendant cites no authority for the proposition that if a party intends to challenge an entire contract on fraudulent inducement grounds, that party cannot *also* challenge—as an initial matter—an arbitration provision contained therein on the same grounds. Indeed, it is well established by Supreme Court precedent that an arbitration provision is severable from the remainder of a contract. *See Buckeye Check Cashing*, 546 U.S. at 445. It is equally well established that federal courts are empowered to adjudicate claims of fraud in the inducement of the arbitration clause itself. *See id.* (citing *Prima Paint*, 388 U.S. at 403–04).

---

[4] The Court recognizes that if such a challenge is made, it would be subject to arbitration, and not adjudication by this Court. *See Buckeye Check Cashing*, 546 U.S. at 445–46 (noting that if a challenge is not to the arbitration clause itself, the issue of the entire contract's validity is arbitrable).

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's "Motion to Reconsider Order Dated June 9, 2010 (Doc. No. 9) Based Upon Plaintiffs' Changed Theory of the Case," (08-cv-060, Dkt. No. 87) is **DENIED**.

**SO ORDERED**.

Date:  March 19, 2013 _____/s/_____
WILMA A. LEWIS
District Judge