DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                                              )
**HUMPHRIES FITZ and**                      )
**PIUS JAY HUBERT,**                         )
                                                              )
       **Plaintiffs,**                                 )
                                                              )
       v.                                                 )    Civil Action No. 2008-060
                                                              )
**ISLANDS MECHANICAL**                    )
**CONTRACTOR, INC.,**                       )
                                                              )
       **Defendant.**                                )
_____)
                                                              )
**CONRAD PREVOST, JR.**                    )
                                                              )
       **Plaintiff,**                                   )
                                                              )
       v.                                                 )    Civil Action No. 2008-110
                                                              )
**ISLANDS MECHANICAL**                    )
**CONTRACTOR, INC.,**                       )
                                                              )
       **Defendant.**                                )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## **ORDER**

    THIS MATTER came before the Court for the Final Pretrial Conference held on March 26, 2013. At the Pretrial Conference, the Court inquired, *inter alia*, into the legal issues

presented by the parties in the Joint Final Pretrial Order, including "Plaintiffs' Statement of Legal Issues Presented." (*See* 08-cv-060, Dkt. No. 86-1 at 17–18). During the resulting colloquy, Plaintiffs represented that three issues exist in these consolidated cases[1] for purposes of the trial set for April 2, 2013: (1) whether the arbitration agreements entered into by Plaintiffs Humphries Fitz and Pius Jay Hubert were acquired through fraud in the inducement; (2) whether the application of the arbitration agreements was discriminatory such that they are not enforceable; and (3) whether there was consideration for the arbitration agreements. Plaintiffs maintain that the second and third issues were uncovered during the discovery that followed this Court's earlier ruling on Defendant's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration.

In response, Defendant argued that the second and third issues have not previously been at issue in this case and are not properly within the scope of the upcoming trial. Defendant has also argued that "[i]t is evident from Plaintiffs' portion of the Joint Final Pretrial Order that Plaintiffs are attempting to introduce many matters into this limited trial that are not in any way related to the issue that is to be tried." (08-cv-060, Dkt. No. 86-1 at 20). Defendant further argued that Plaintiffs raised these as trial issues *for the first time* in the Joint Final Pretrial Order, which was filed on March 12, 2013—three weeks before trial—and accordingly, Defendant is not prepared to try those issues.

This trial on the arbitrability of Plaintiffs' underlying claims arises from a Memorandum Opinion and Order dated June 9, 2010, in which the Court addressed Defendant's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration. (*See* 08-cv-060, Dkt. No. 9).

---

[1] Plaintiffs stated that the parties have reached a settlement with respect to Plaintiff Conrad Prevost, and that an appropriate document will by filed with the Court by April 10, 2013 reflecting the resolution of Plaintiff Prevost's case.

The Court denied Defendant's Motion, finding that "Plaintiffs have shown that there is [a] material issue of fact regarding whether Defendant fraudulently induced them into signing the arbitration agreement[s]." (*Id.* at 22). Accordingly, the Court ordered that "[t]he case shall proceed to a trial on the issue of whether Defendant fraudulently induced Plaintiffs into signing the arbitration agreement[s]." (*Id.*). Therefore, the issue to be tried has been narrowly defined by Order of the Court.

In view of the Court's prior Memorandum Opinion and Order identifying the issue to be tried, Plaintiffs' delay in raising these new issues, and the corresponding prejudice to Defendant, it is hereby

**ORDERED** that the trial set for April 2, 2013 will proceed solely on the issue of whether Defendant fraudulently induced Plaintiffs into signing the arbitration agreements.

**SO ORDERED**.

Date: March 26, 2013 _____/s/_____
                                                                                  WILMA A. LEWIS
                                                                                   District Judge