DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| HUMPHRIES FITZ and PIUS JAY HUBERT,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ISLANDS MECHANICAL CONTRACTOR, INC.,<br><br>　　　　Defendant. | Civil Action No. 2008-060 |
| CONRAD PREVOST, JR.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ISLANDS MECHANICAL CONTRACTOR, INC.,<br><br>　　　　Defendant. | Civil Action No. 2008-110 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
　　*For the Plaintiffs*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
　　*For the Defendant*

## **ORDER**

　　THIS MATTER came before the Court for the Final Pretrial Conference held on March 26, 2013.

**UPON CONSIDERATION** of the written submissions of the parties and the colloquy at the Final Pretrial Conference, the Court hereby **ORDERS** as follows:

1. Settlement of Plaintiff Conrad Prevost's Case

    a. At the Final Pretrial Conference, counsel for Plaintiffs stated that the parties have reached a settlement with respect to Plaintiff Conrad Prevost, and that an appropriate document will be filed with the Court by April 10, 2013 reflecting the resolution of Plaintiff Prevost's case (Civ. No. 2008-110).

    b. Accordingly, based on Plaintiffs' representations, it is hereby **ORDERED** that the *Prevost* matter will not be tried at the upcoming trial set for April 2, 2013.

    c. It is further **ORDERED** that counsel for Plaintiffs shall file an appropriate document reflecting the resolution of the *Prevost* matter no later than April 10, 2013.

2. Motion for Leave to File Motions *in Limine* Out of Time (08-cv-060, Dkt. No. 110)

    a. On March 26, 2013, Defendant filed a "Motion for Leave to File Motions *in Limine* Out-of-Time," arguing that the issues involved "only recently arose after the deadline had expired," because Plaintiffs raised the issues for the first time in the Joint Final Pretrial Order. (*See* 08-cv-060, Dkt. No. 110 at 1–2).

    b. Upon consideration of the foregoing, and for good cause shown, it is hereby **ORDERED** that Defendant's Motion for Leave to File Motions *in Limine* Out-of-Time (08-cv-060, Dkt. No. 110) is **GRANTED**; and it is further **ORDERED** that the proposed Motions *in Limine* are **ACCEPTED** for filing.

3. Motion *in Limine* Regarding Untimely Witnesses (08-cv-060, Dkt. No. 110-1)

    a. In Defendant's "Motion *in Limine* to Preclude Evidence for Failure to Disclose

Pursuant to Fed. R. Civ. P. 26" filed on March 26, 2013 (08-cv-060, Dkt. No. 110-1), Defendant seeks to exclude testimony by witnesses whom Defendant alleges were not identified in Plaintiffs' Rule 26 Disclosures and were listed for the first time in the Joint Final Pretrial Order.  (08-cv-060, Dkt. No. 110-1 at 1).

b. At the Final Pretrial Conference, Plaintiffs represented that they have withdrawn four of these witnesses:  Dierdre Finch, Butch Simone, Laverne Marsh Cole, and Trevor Bryon.

c. The parties represented that "Carl" Mitchell is actually Cyril Mitchell, who was previously disclosed.  On that basis, Defendant withdrew its objection to this witness.

d. As to the remaining disputed witnesses—Joshua Joseph, Clarence Nisbett, Derek Spann, and Cindy Spann—and upon consideration of the deadlines proposed by the parties at the Final Pretrial Conference, it is hereby **ORDERED** that Plaintiffs shall file a Response to Defendant's Motion *in Limine* by **3:00 p.m.** on **March 27, 2013**, and Defendant shall file a Reply by **10:00 a.m.** on **March 28, 2013**.

4. <u>Motion *in Limine* to Exclude Labor Investigation</u> (08-cv-060, Dkt. No. 110-2)

   a. On March 26, 2013, Defendant filed a "Motion *in Limine* to Preclude Evidence Regarding the Department of Labor Investigation."  (08-cv-060, Dkt. No. 110-2).

   b. At the Final Pretrial Conference, Plaintiffs stated that they no longer intend to introduce the evidence pertaining to the Department of Labor Investigation that is at issue in this Motion.

   c. Accordingly, it is hereby **ORDERED** that Defendant's Motion *in Limine* to Preclude Evidence Regarding the Department of Labor Investigation (08-cv-060,

Dkt. No. 110-2) is **DENIED AS MOOT**.

5. <u>Motion to Bar Frank "Buddy" Martin from Testifying</u> (08-cv-060, Dkt. No. 107)

    a. On March 25, 2013, Plaintiffs filed a "Motion to Bar Frank "Buddy" Martin from Testifying at Trial."  (08-cv-060, Dkt. No. 107).

    b. At the Final Pretrial Conference, Defendant stated that it no longer intends to call Frank "Buddy" Martin as a witness at trial.

    c. Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion *in Limine* to Bar Frank "Buddy" Martin from Testifying at Trial (08-cv-060, Dkt. No. 107) is **DENIED AS MOOT**.

6. <u>Trial Testimony</u>

    a. Defendant previously filed Motions in *Limine* seeking in part to exclude *any* references to Plaintiffs' underlying claims of discrimination.  (*See* 08-cv-060, Dkt. No. 56; 08-cv-110, Dkt. No. 53).  In its rulings on these Motions, the Court declined, as an initial pretrial matter, to impose a *blanket* ban on any references to Plaintiffs' underlying claims.  (*See* 08-cv-060, Dkt. No. 88 at 11; *see also* 08-cv-110, Dkt. No. 96 at 10).  However, the Court also cautioned that its rulings in this regard were "not intended to grant Plaintiffs license to convert the arbitrability trial into a full-scale trial on the merits of the underlying discrimination claims."  (*See id.*).  The Court stated that it will entertain objections at trial to the admissibility of such evidence, including as to its relevance and the possible exclusion of relevant evidence in accordance with Rule 403 of the Federal Rules of Evidence.  (*See id.*).

    b. In light of these rulings, at the Pretrial Conference, the Court reminded the parties

4

  that the focus of the upcoming trial must be on the enforceability of the agreement to arbitrate, and the testimony must be tailored accordingly.

  c. Accordingly, the Court suggested—and the parties agreed—that they would confer regarding Plaintiffs' proposed witnesses in an attempt to comply with the Court's rulings. (*See* 08-cv-060, Dkt. No. 88; 08-cv-110, Dkt. No. 96).

7. <u>Electronic Devices</u> (Dkt. Nos. 108, 109)

  a. On March 26, 2013, both parties submitted Motions for Leave to Bring Electronic Devices into the Courthouse and Courtroom for Trial. (*See* 08-cv-060, Dkt. Nos. 108, 109).

  b. The Motions are over-inclusive and/or insufficiently specific regarding the particular attorneys seeking to bring the electronic devices. (*See* 08-cv-060, Dkt. No. 109 (seeking "an order allowing all counsel and their staff to bring their Blackberrys, iPhones, smart phones, cell phones and/or cell phones with cameras, iPads and laptops into the courtroom"); 08-cv-060, Dkt. No. 108 (seeking permission to use "laptop computers and I-pads")).

  c. Accordingly, it is hereby **ORDERED** that the Motions are **DENIED WITHOUT PREJUDICE**.

  d. In view of the standing prohibition against bringing electronic devices into the Almeric L. Christian Federal Building and Courthouse, it is further **ORDERED** that if the parties seek to bring electronic devices to Court, the parties must identify: (i) the particular attorney seeking to bring the devices; (ii) the particular electronic devices required by each attorney; and (iii) the reasons the particular devices are needed.

8. <u>Trial Submissions</u>

    a. It is further **ORDERED** that in preparation for trial, the parties shall submit the following by **8:00 a.m.** on **April 2, 2013**:

        i. Verdict Forms;

        ii. Two tabbed binders of all proposed exhibits; and

        iii. Electronic copies of all exhibits on DVD/CD or USB flashdrive.

**SO ORDERED**.

Date:  March 27, 2013                               _____/s/_____
                                                                           WILMA A. LEWIS
                                                                           District Judge