## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| HUMPHRIES FITZ and PIUS JAY HUBERT, ) ) ) ) Plaintiffs, ) ) v. ) ) ISLANDS MECHANICAL ) CONTRACTOR, INC., ) ) Defendant. ) | Civil Action No. 2008-060 |
| CONRAD PREVOST, JR. ) ) Plaintiff, ) ) v. ) ) ISLANDS MECHANICAL ) CONTRACTOR, INC., ) ) Defendant. ) | Civil Action No. 2008-110 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
**Rhea Lawrence, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiffs*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
   *For the Defendant*

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's "Motion *in Limine* to Preclude Evidence for Failure to Disclose Pursuant to Fed. R. Civ. P. 26" filed on March 26, 2013 (Dkt. No. 110-1), Plaintiffs' Opposition filed on March 27, 2013 (Dkt. No. 118), and Defendant's Reply filed on March 28, 2013 (Dkt. No. 125).[1] In its Motion *in Limine*, Defendant seeks to exclude testimony by witnesses who Defendant alleges were not identified in Plaintiffs' Rule 26 Disclosures and were listed for the first time in the Joint Final Pretrial Order (Dkt. No. 86-1), which was filed on March 12, 2013. (*See* Dkt. No. 110-1 at 1).[2] The trial in this matter is scheduled to commence on April 2, 2013.

Pursuant to the parties' representations at the Final Pretrial Conference, only three witnesses remain at issue for purposes of this Motion: Clarence Nesbitt,[3] Derek Spann, and

---

[1] All docket numbers herein refer to the case of *Fitz v. Islands Mechanical Contractor, Inc.* (Civ. No. 2008–060) unless otherwise specified. *Fitz* was consolidated with the case of *Prevost v. Islands Mechanical Contractor, Inc.* (Civ. No. 2008–110) for purposes of the upcoming trial on the arbitrability of Plaintiffs' underlying claims. (*See* Dkt. No. 81 at 4). However, at the Final Pretrial Conference conducted on March 26, 2013, Plaintiffs' counsel stated that the parties have reached a settlement with respect to Plaintiff Conrad Prevost. Thus, Humphries Fitz and Pius Jay Hubert are the Plaintiffs who will be proceeding to trial in this matter.

[2] The witnesses were again disclosed on March 15, 2013 when Plaintiffs filed their Witness List, which also included a summary of the expected testimony. (Dkt. No. 94-1).

[3] In various documents filed with the Court, "Clarence Nesbitt" is referred to as "Clarence Nisbett." Neither party has suggested that these alternate spellings refer to two different individuals. The Court will refer to the proposed witness as "Clarence Nesbitt" throughout this Memorandum Opinion and Order.

Cynthia "Cindy" Spann. (*See* Dkt. No. 118 at 2; Dkt. No. 125 at 1–2, 3–8).[4] For the reasons that follow, the Court will grant Defendant's Motion to exclude the testimony of Derek Spann and Cindy Spann, but will deny the Motion to exclude the testimony of Clarence Nesbitt.

## I. THE PARTIES' ARGUMENTS

Defendant argues that Plaintiffs never identified Clarence Nesbitt, Derek Spann, and Cindy Spann as witnesses in accordance with the applicable Federal Rules of Civil Procedure, but rather introduced them for the first time as non-expert witnesses in the Joint Final Pretrial Order. (*See* Dkt. No. 110-1 at 1). Defendant states that if Plaintiffs are allowed to introduce evidence from these witnesses, Defendant would not be able to adequately prepare its case— including by examining the evidence and seeking rebuttal evidence as necessary—and thus would be unduly prejudiced. (*Id.* at 2–3).

In opposition to Defendant's Motion, Plaintiffs argue that Clarence Nesbitt was in fact listed as a witness pursuant to Federal Rule of Civil Procedure 26. (Dkt. No. 118 at 2). Plaintiffs concede that Derek Spann and Cindy Spann were not formally listed as witnesses. (*Id.*). However, Plaintiffs contend that the Spanns "were more than sufficiently identified as witnesses and were 'otherwise made known' by both parties," so the Court should not apply the "extreme sanction" of excluding their testimony. (*Id.*). Plaintiffs argue that during depositions, they questioned Defendant "extensively" about Derek Spann and Cindy Spann. (*Id.* at 6, 8). Plaintiffs claim that Defendant "knew" that Plaintiffs wanted to depose the Spanns but could not locate them, and that "numerous" e-mails between counsel for the parties discussed the Spanns

---

[4] At the Final Pretrial Conference held on March 26, 2013, Plaintiffs withdrew as witnesses Dierdre Finch, Butch Simone, Laverne Marsh Cole, and Trevor Bryon. (*See* Dkt. No. 112 at 3; Dkt. No. 118 at 1). The parties further clarified that "Carl" Mitchell is Cyril Mitchell, who was previously disclosed. Defendant has withdrawn its objection to Mitchell on that basis. (*See* Dkt. No. 112 at 3; Dkt. No. 118 at 2). Plaintiffs also withdrew Joshua Joseph as a witness. (Dkt. No. 118 at 2).

and how to locate them for depositions. (*Id.*). Plaintiffs further claim that they were not able to locate Derek Spann until approximately February 27, 2013 and they were not able to locate Cindy Spann until about March 13, 2013 to discuss the extent of their relevant knowledge. (*Id.* at 7, 9). Plaintiffs maintain that they disclosed Derek Spann's knowledge of discrimination at the February 27, 2013 mediation in *Galloway v. Islands Mechanical Contractor, Inc.* (Civ. No. 2008–071), and they disclosed Cindy Spann's knowledge in Plaintiffs' Witness List (Dkt. No. 94-1), which was filed on March 15, 2013. (*See* Dkt. No. 118 at 7, 9). Therefore, Plaintiffs argue that Defendant cannot claim surprise or prejudice, given the history of Plaintiffs' efforts to locate the Spanns, and the extensive inquiry into the Spanns in depositions. (*See id.*).

      With respect to Clarence Nesbitt, Defendant responds that Nesbitt was only disclosed as a potential witness in the *Prevost* case—not in *Fitz*—and that the disclosure that Nesbitt had "knowledge of facts that surround the case" is an insufficient description of the "subjects of information" that Nesbitt possesses. (*Id.* at 6). Regarding Derek and Cindy Spann, Defendant contends that the fact that a plaintiff in a different case—*Galloway*—wanted to depose the Spanns cannot be considered notice to Defendant that the Spanns would be called as witnesses in this case. (*Id.* at 5). Defendant also highlights that the *Galloway* matter was factually distinct, did not involve an arbitration agreement, and was never consolidated with this case, including for discovery purposes. (*Id.*). Emphasizing the absence of any natural connection between the Spanns and this matter, Defendant further notes that the Spanns stopped working for Defendant one month before Plaintiffs were hired. (*Id.* at 2). Defendant complains that Plaintiffs formally disclosed these three witnesses, for the first time, four weeks before trial. (*Id.* at 7). As a result, Defendant argues that it would have to engage in "last-minute scrambling," because Defendant would have to "obtain and serve subpoenas on witnesses, two of whom are off-island, and

4

depose the witnesses regarding their knowledge of Plaintiffs' claims in the few short weeks prior to trial." (*Id.* at 8).

## II. DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, a litigant must disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(a)(1)(C).

A party must also supplement or correct its disclosures either (a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or (b) "as ordered by the court." Fed. R. Civ. P. 26(e). When the Court has ordered all factual discovery, including fact witness depositions, to be completed by a certain date, supplemental disclosure of witnesses after that date is untimely. *See Gautier-James v. Hovensa, L.L.C.*, Civ. No. 2006–106, 2011 WL 4500153 at *4 (D.V.I. Sept. 27, 2011) (collecting cases).

In this case, after granting several extensions of the discovery deadlines,[5] the Court ordered that all factual discovery—including written discovery and fact witness depositions— was to be completed by August 22, 2011, in preparation for a trial then scheduled for November

---

[5] The original deadline for the completion of all factual discovery was October 29, 2010. (Dkt. No. 13 at 1). Upon various motions by the parties, the Court extended the discovery deadlines three times. (*See* Dkt. Nos. 13, 17, 20, 36, 37, 53).

5

14, 2011. (Dkt. No. 53 at 1–2). Following continuance of the trial (Dkt. No. 69), the Court issued a Trial Management Order on November 16, 2012, rescheduling the trial for April 2, 2013. (Dkt. No. 77).

### A. Clarence Nesbitt

On March 1, 2011, Plaintiff Conrad Prevost, Jr. provided to Defendant a "Voluntary Disclosure Pursuant to Rule 26" that stated, *inter alia*, that Clarence Nesbitt "[h]as knowledge of the facts that surround the case" and therefore is a person "with knowledge of this incident and how it has affected Plaintiff." (*See* Dkt. No. 118-3 at 3, 5). The disclosure also provided home telephone and cellular phone numbers for Clarence Nesbitt. (*Id.* at 3). Additionally, Prevost identified Nesbitt in an affidavit, stating that Nesbitt witnessed the events leading up to Prevost's termination. (Dkt. No. 118-1 at 7).

Not only was Nesbitt identified with respect to Prevost's case, but Nesbitt was also identified as a person with knowledge of Plaintiff Hubert's case. Plaintiff Hubert provided the same affidavit from Prevost referenced above in Hubert's response to Defendant's demand for production of documents, which requested "[a]ll documents that pertain to the location or identity of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in connection with your claim that you were fraudulently induced into entering into the employment contract with Defendant." (*See* Dkt. No. 118-1 at 1–2). Defendant also produced that same affidavit from Prevost during discovery. (*See* Dkt. No. 118-2 at 1).

*Prevost* (Civ. No. 2008–110) was consolidated with *Fitz* (Civ. No. 2008–060), both for discovery and for the upcoming trial on the arbitrability of Plaintiffs' underlying claims. (*See* Dkt. No. 81 at 4; Dkt. No. 17 at 1; Dkt. No. 20 at 1). On August 11, 2010, the parties jointly

moved to consolidate the cases for purposes of discovery, arguing that "[b]oth cases have been ordered to trial on the issues of arbitrability." (Dkt. No. 17 at 1). Then, on February 20, 2013, Defendant moved to consolidate *Prevost* with *Fitz* for purposes of the upcoming trial, arguing that the two cases "involve a common question of law" and the same arbitration agreement and terms. (*See* 08-cv-110, Dkt. No. 81 at 2). Defendant further argued that "[v]irtually all of the fact witnesses are the same for both cases" and that "[t]heir testimony regarding the basic facts surrounding the employment orientation process will be the same for both matters." (*Id.* at 3).

Under these circumstances, Defendant's complaints that Nesbitt should be excluded because he was disclosed only with respect to the *Prevost* case are unavailing. This is especially so in view of the fact that it was *Defendant* who sought to consolidate *Prevost* with *Fitz* for purposes of the trial on arbitrability. (*See id.*). Even more compelling, Plaintiff Hubert produced the Prevost affidavit—which referenced Nesbitt—to Defendant in response to Defendant's request to identify any persons with knowledge relevant to Hubert's claim of fraudulent inducement. (*See* Dkt. No. 118-1 at 1–2). [6] Therefore, despite Defendant's arguments to the contrary, Plaintiffs' disclosures did in fact "put [Defendant] on notice that Nesbitt had knowledge of Fitz's or Hubert's fraudulent inducement claim." (*See* Dkt. No. 125 at 7).

In light of the foregoing, the Court finds that the disclosures regarding Clarence Nesbitt were sufficient to provide notice to Defendant that Plaintiffs Fitz and Hubert might use Nesbitt

---

[6] Defendant also argues that the substance of Plaintiffs' disclosure—that Nesbitt had knowledge of "the facts that surround the case" and "this incident and how it has affected Plaintiff"—is a "broad characterization" that "does not even fairly describe what information he possesses." (*See* Dkt. No. 125 at 6). In Defendant's view, "[t]his is simply not the type of disclosure anticipated by Rule 26 of the 'subjects of information' a witness possesses to support a party's claims." (*Id.*). The Court acknowledges that this disclosure is not the most informative or specific with respect to the substance of Nesbitt's knowledge. However, given Defendant's ability to pursue further discovery at the time of the disclosure, and in light of the other disclosures and information available regarding Nesbitt (as described herein), the Court does not consider Defendant's challenge to the disclosure to be a sufficient basis to warrant exclusion.

as a witness to support their claims. *See* Fed. R. Civ. P. 26(a)(1)(A). And, given that the March 1, 2011 disclosure was made nearly six months before the final discovery deadline of August 22, 2011, the Court does not consider the disclosure of Clarence Nesbitt to be untimely. Accordingly, Defendant's Motion will be denied with respect to Clarence Nesbitt.

**B.     Derek Spann and Cindy Spann**

In contrast, Plaintiffs concede that Derek Spann and Cindy Spann were never "formally listed" as witnesses during discovery. (*See* Dkt. No. 118 at 2). In its Fourth Scheduling Order, the Court set a final deadline of August 22, 2011 for "[a]ll factual discovery, including written discovery and fact witness depositions." (*See* Dkt. No. 53 at 1). However, Plaintiffs argue that they did not even *locate* Derek Spann and Cindy Spann, and determine that they had relevant knowledge, until February 27, 2013 and March 13, 2013, respectively. (Dkt. No. 118 at 7, 9). Further, Plaintiffs argue that they "could not list Cindy Spann and her potential knowledge as Plaintiffs *had no idea* what it was or *if she had factual knowledge*." (*Id.* at 9) (emphasis added). If *Plaintiffs* had no idea whether Cindy Spann held relevant factual knowledge supporting their claims until March 13, 2013, then certainly *Defendant* cannot be considered to have been provided sufficient notice of Cindy Spann's knowledge—and that she might be called as a witness—prior to that date, let alone during the discovery period ordered by the Court.

Although Plaintiffs claim that Derek Spann's "knowledge of discrimination" was "immediately made known in the *Galloway v. IMC* case at the mediation" on February 27, 2013, such "notice" *in a different case* cannot be said to have provided notice to Defendant that Derek Spann might be called as a witness at the upcoming trial in *this case*. (*See id.* at 7). With their Opposition to Defendant's Motion *in Limine*, Plaintiffs have attached 244 pages of exhibits purporting to show that Defendant was on constructive notice that Plaintiffs might call the

8

Spanns as witnesses in this case. (*See* Dkt. No. 118). However, these exhibits show only that the Spanns were potential witnesses in *Galloway*, not in *Prevost* or *Fitz*.

Plaintiffs have submitted an affidavit from Mary Faith Carpenter, Esq., stating that depositions of the stateside witnesses were conducted under an agreement with Defendant's counsel that "the depositions would be global and would be used in any of the four (4) cases"—specifically, for the claims of Plaintiffs Fitz, Hubert, Prevost, and Galloway. (*See* Dkt. No. 118-5 at 1–2).[7] However, as a general matter, an understanding that the deposition of certain witnesses relevant to all four plaintiffs could be used in each case does not mean that the parties would be on notice that a witness identified with only one case might be called as a witness in another case. This is precisely the situation here. Indeed, in an April 28, 2011 e-mail from Attorney Carpenter to counsel for Defendant (*see* Dkt. No. 118-8 at 3), Attorney Carpenter identified several intended deponents with specific references, in parentheses, to the particular case(s) with which the deponent was associated. For example, she mentioned "Gene Barnes (Galloway); Buddy Frank Martin (Prevost); . . . Thomas "Dooley" Jones (All cases); Joshua Ray (Galloway); . . . Randy Talbot (Galloway)." (*Id.*). In the same vein, Attorney Carpenter mentioned the Spanns, and identified them as follows: "Derek Spann and Cindy Spann (Galloway)." (*Id.*). The clear implication here is that the Spanns were intended to be deposed for, and were associated with, the *Galloway* case only, and not all the cases. Accordingly, notwithstanding their submission of 244 pages of exhibits, Plaintiffs have failed to point to

---

[7] Attorney Carpenter further stated that: (1) she unsuccessfully attempted to depose the Spanns on two occasions; (2) when she deposed Defendant's stateside witnesses, she "asked each one of them for the whereabouts of Derek and Cynthia Spann" and "conducted as much discovery with regard to them as [she] could without deposing them"; (3) Plaintiffs' counsel were not able to make contact with the Spanns until "late February 2013, the same day of the mediation in the *Galloway* case"; and (4) "[t]hat Derek and his wife Cynthia are named witnesses in this case cannot possibly be a surprise to Defendant as inquiries were made regarding them in each deposition." (*Id.* at 3).

9

evidence demonstrating that Defendant were put on notice, or should be deemed to have had sufficient knowledge, that the Spanns would be called as witnesses in *this case*, as distinct from the *Galloway* matter.

Unlike *Prevost*, the *Galloway* case was never consolidated by the Court with *Fitz* for purposes of discovery or trial. Moreover, *Galloway* is factually and procedurally distinct from *Prevost* and *Fitz*: *Galloway* did not involve an arbitration agreement, and prior to settlement, the case had been proceeding towards a trial on the merits of Galloway's discrimination claims. For those reasons, even if Defendant had knowledge that the Spanns were potential witnesses in *Galloway*, the surrounding facts and circumstances do not support the conclusion advocated by Plaintiffs that Defendant was on notice that the Spanns were potential witnesses in *Fitz*.

Therefore, Derek Spann and Cindy Spann were first disclosed as witnesses for the Plaintiffs in this case on March 12, 2013, with the filing of the Joint Final Pretrial Order. (*See* Dkt. No. 86-1 at 17). This date was over 1-1/2 years after the Court's final deadline for the *completion* of all factual discovery and fact witness depositions, a deadline which had previously been extended three times. The disclosures were finally made just three weeks before the start of trial. Accordingly, the Court concludes that Plaintiffs' disclosures of Derek Spann and Cindy Spann as witnesses were untimely. *See Gautier-James*, 2011 WL 4500153 at *4–5.

However, a finding of untimely disclosure does not end the inquiry. *See id.* at *5. When a party fails to properly *identify* a witness as required by Rule 26, that witness's testimony shall be excluded "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 16(f)(1) ("On motion or on its own motion, the court may issue any just orders . . . if a party or its attorney: (C) fails to obey a scheduling or other pretrial order."). Plaintiffs bear the burden of demonstrating that their failure to comply with the Court's

Scheduling Order is substantially justified or harmless.  *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("[T]he burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless."); *Gautier-James*, 2011 WL 4500153 at *6.

To determine whether a discovery violation is "substantially justified," courts in the Third Circuit consider several factors, sometimes referred to as the *Pennypack* factors:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered; (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

*See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).

Here, the Court finds that the *Pennypack* factors weigh in favor of exclusion.  *See id.* First, the prejudice or surprise to Defendant is significant, given that Plaintiffs did not even *locate*, let alone identify, the Spanns until shortly before trial, and some 1-1/2 years after the close of factual discovery.  Second, Defendant's ability to cure the prejudice is limited, given the brief time available before trial and the apparent inaccessibility of the proposed witnesses.[8] Third, if the witnesses were allowed to testify, the trial would have to be continued in order to provide time for Defendant to depose the witnesses and to seek rebuttal evidence, thereby disrupting the "orderly and efficient trial of the case."  Fourth, although the Court does not conclude that Plaintiffs engaged in either bad faith or willfulness in failing to comply with a

---

[8] Given that the prejudice or surprise to Defendant is significant, and Defendant's ability to cure the prejudice is limited, the Court also finds that Plaintiffs' violations were not "harmless."  *See* Fed. R. Civ. P. 37(c)(1); *see also Gautier-James*, 2011 WL 4500153 at *9 n.8.

11

court order, the Court questions Plaintiffs' vigilance in searching for the Spanns in view of the large, unexplained gap in time between Attorney Carpenter's attempt to depose the Spanns on June 13, 2011, and Plaintiffs' ultimate contact with the Spanns in February and March of 2013. (*See* Dkt. No. 118-5 at 2–3).[9] Fifth, Plaintiffs have not demonstrated that the importance of the evidence to the issue being tried—whether Plaintiffs were fraudulently induced into signing the arbitration agreements—is such that it weighs against exclusion. In fact, Plaintiffs have offered no argument whatsoever on the proffered testimony's importance to the trial on arbitrability. (*See* Dkt. No. 118 at 1–11).

For the foregoing reasons, the Court concludes that Plaintiffs' untimely disclosures of Derek Spann and Cindy Spann as witnesses were neither "substantially justified" nor "harmless." *See* Fed. R. Civ. P. 37(c)(1). Accordingly, the testimony of Derek Spann and Cindy Spann will be excluded. *See id.*

### III. NEW EVIDENCE SUBMITTED ON THE EVE OF TRIAL

On April 1, 2013, the day before trial in this matter, Plaintiffs filed affidavits by Derek Spann (Dkt. No. 130-1) and Cindy Spann (Dkt. No. 130-2). In Derek Spann's affidavit, he declared that "[t]he statements that Mr. Hubert was hired after my wife and I left are false. I hired Pius Hubert on or about January 2, 2008 as a Helper and he was still working there when I

---

[9] Attorney Carpenter did explain that when she deposed Defendant's stateside witnesses, she "asked each one of them for the whereabouts of Derek and Cynthia Spann." (*See* Dkt. No. 118-5 at 2–3). However, Plaintiffs' attorneys have not pointed the Court to any proactive efforts on behalf of Plaintiffs to locate the Spanns between June 13, 2011 and February/March 2013. (*See id.*).

left the job in February 2008." (Dkt. No. 130-1 ¶ 4).[10]

To the Court's knowledge, this is the first time that Plaintiffs have asserted to the Court that Hubert was hired prior to March 6, 2008.[11] Indeed, none of the relevant filings submitted by Plaintiffs—including Plaintiffs' Opposition to the instant Motion *in Limine* (Dkt. No. 118), their Trial Brief (Dkt. No. 100), their portion of the Joint Final Pretrial Order (Dkt. No. 86-1), or the Complaint (Dkt. No. 1)—contain evidence or argument suggesting that Hubert was employed as a "Helper" by Defendant prior to his execution of the arbitration agreement at issue. And, curiously, this new assertion does not come from Plaintiff Hubert himself.

In any event, whether Plaintiff Hubert was hired before or after the Spanns left Defendant Islands Mechanical is of no moment because that fact does not alter the Court's analysis set forth

---

[10] Additionally, both Derek Spann and Cindy Spann aver that they did not receive any severance pay from Defendant, and that they have had the same cell phone numbers for twenty years. (Dkt. No. 130-1 ¶¶ 2–3; Dkt. No. 130-2 ¶¶ 2–3). Derek Spann also declares that he "was a management employee with the position as a Superintend[e]nt of Heavy Equipment" for Defendant. (Dkt. No. 130-1 ¶ 4). Plaintiffs offer no argument—much less a compelling one—that any of these assertions, if true, would warrant denial of Defendant's Motion *in Limine* to exclude the testimony of Derek Spann and Cindy Spann.

[11] In Defendant's Reply to Plaintiffs' Opposition to the instant Motion *in Limine*, Defendant submitted evidence showing that the Spanns were terminated approximately one month before the Plaintiffs in this case were hired. (See Dkt. No. 125-2 at 1–3) (showing that the Spanns were hired on October 23, 2007 and terminated on February 2, 2008; and Plaintiffs Fitz and Hubert were hired on March 6, 2008). Now, at 4:30 p.m. on the day before trial, Plaintiffs for the first time argue that Hubert was hired by Derek Spann on January 2, 2008, fired by Tommy "Dooley" Jones after the Spanns were terminated on February 2, 2008, and rehired by Defendant on March 6, 2008. (*See* Dkt. No. 137 at 1).

above, or its conclusions reached after considering the *Pennypack* factors.[12] Accordingly, Plaintiffs' eleventh-hour affidavits do not aid their cause.

Accordingly, it is hereby

**ORDERED** that Defendant's "Motion *in Limine* to Preclude Evidence for Failure to Disclose Pursuant to Fed. R. Civ. P. 26" (Dkt. No. 110-1) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that the Motion is **GRANTED** with respect to testimony by Derek Spann and Cindy Spann; and it is further

**ORDERED** that the Motion is **DENIED** with respect to testimony by Clarence Nesbitt; and it is further

**ORDERED** that the Motion is **DENIED AS MOOT** with respect to Dierdre Finch, Joshua Joseph, Butch Simone, Laverne Marsh Cole, Trevor Bryon, and Carl/Cyril Mitchell.

**SO ORDERED**.

Date:  April 1, 2013 _____/s/_____
WILMA A. LEWIS
District Judge

---

[12] Additionally, the Court notes that the upcoming trial is not a trial on the merits of Plaintiffs' underlying claims, but rather is a trial "solely on the issue of whether Defendant fraudulently induced Plaintiffs into signing the arbitration agreements." (*See* Dkt. No. 111 at 3). There has been no suggestion that Hubert executed an arbitration agreement prior to March 6, 2008, and the record shows that Derek Spann and Cindy Spann were terminated on February 2, 2008. (*See* Dkt. No. 125-2 at 3). Plaintiffs have not demonstrated that either Derek Spann or Cindy Spann would present testimony of importance to the issue of whether Defendant fraudulently induced Plaintiffs into signing the arbitration agreements, which were executed more than a month after the Spanns were terminated.